County of St. Clair *v.* Irwin.

---

THE COUNTY OF ST. CLAIR, Plaintiff in Error, *v.* JOHN IRWIN, Defendant in Error.

ERROR TO ST. CLAIR.

The term county court, as used in the 21st section of the act of February 12, 1849, was designed only to apply to the sittings of the county court for the transaction of county business.

It is not the duty of sheriffs to attend the sessions of the county courts held for the transaction of probate business unless required so to do, and they will not be compensated for attendance unless the attendance is required by the judge.

There is the same reason for the attendance of sheriffs upon the county court, held by the three judges, as under the old system.

THIS cause was submitted to UNDERWOOD, Judge, at the August term, 1851, of the St. Clair Circuit Court, upon an agreed state of facts.

The court rendered judgment for the sheriff. See facts stated in the opinion of the court.

P. B. Fouke, for plaintiffs in error.

N. Niles, for defendant in error.

Treat, C. J.   This was an action brought by Irwin against the county of St. Clair. It was heard by the court on this state of facts.   Irwin, as sheriff, attended the county court, while in session as a probate court, for twenty-five days; but such attendance was not in pursuance of any direction or request of the county judge.   The court rendered judgment in favor of Irwin for $25.

Section 17, ch. 41, R. S., gives the sheriff "for attending the circuit and county commissioners' courts, to be allowed and paid out of the county treasury, one dollar."   Sec. 7, ch. 99, R. S., makes it "the duty of the sheriff of each county, to attend all circuit courts and courts of commissioners in his county, at the terms and sessions of such courts."   Sec. 140, c. 109, R. S. declares it to be the duty of "the sheriff of each county, when required by the court of probate, to attend all regular and special sittings of said court."   These provisions require the sheriff to attend the sessions of the circuit and county commissioners' courts, and give him one dollar per day for such attendance; and they make it his duty to attend the sittings of the probate court, when required so to do by that court, and give him the same *per diem* compensation.   The question is, Are his duties changed by subsequent legislation?   The act of the 12th of February, 1849, establishes a county court, to be held by a county judge, and confers upon it all the powers and jurisdiction previously vested in the probate court.   It also provides that the county judge and two associates shall hold a county court for the transaction of county business, and vests in this court all the powers and jurisdiction previously exercised by the county commissioners' court.   It further provides that "the sheriff in each county shall, by himself or deputy, attend the sittings of the county court."   This act abolishes the county commissioners' and probate courts, and transfers their powers to the county court.   But these powers are still kept separate, and are exercised by different officers.   The county business is transacted by three judges, who hold quarterly terms, and generally remain in session but a few days; while the probate business is conducted by a single judge, who holds monthly terms, and, in many counties, continues in session for the

greater portion of the year. There is the same reason for the sheriff's attendance upon the court held by the three judges, as formerly; and there is no more reason for his attendance upon the court held by the county judge, than under the old system. We think the term county court, as used in the 21st section of the act of February 12, 1849, was designed only to apply to the sittings of the county court for the transaction of the county business. In this view of the case, the duties of the sheriff remain unchanged. It is not his duty to attend the sessions of the county court held for the transaction of probate business, unless required by the county judge to do so. The attendance in question was not rendered on the requisition of the county judge, and therefore was not the proper subject-matter of compensation.

The judgment is reversed.

*Judgment reversed.*